## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AARON KAPPLER, individually and behalf of similarly situated individuals,<br><br>                   Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>                   Defendant. | Case No.<br>    2:21-CV-204-RWS<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT FCA US LLC'S NOTICE OF REMOVAL

Defendant FCA US LLC ("FCA US"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby removes this case to this Court. As set forth below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

## I. BACKGROUND

1.      On August 19, 2021, Aaron Kappler ("Plaintiff") filed a Class Action Complaint in the Superior Court of Forsyth County in the State of Georgia, where it is known and numbered as *Aaron Kappler v. FCA US LLC,* Case No. 21CV-1367-3 ("the State Court Action").

2.     FCA US was served with process and a copy of the Complaint in the State Court Action on August 20, 2021. No other pleadings, process, or orders have been served or entered. A copy of the Complaint and the entire process served on FCA US is attached as Exhibit A.

**A.     Allegations in The Complaint.**

3.     Plaintiff, who resides in Georgia, seeks to bring claims on behalf of "[a]ll individuals in the United States of America" who purchased or leased any Jeep Wrangler 4xe vehicle ("Class Vehicles"). *See* Complaint ("Comp."), ¶¶ 1, 42.

4.     According to Plaintiff, the Class Vehicles have a "defect" which causes them to shut down without warning while being driven. *Id.* at ¶ 3.

5.     Plaintiff avers that: (i) the alleged defect "is incredibly dangerous to drivers, passengers, and other vehicles in the roadway"; (ii) it "severely diminishes the value of the Class Vehicles"; and (iii) the failure to disclose the alleged defect has caused consumers to purchase or lease vehicles "they would not have … had they known the truth of the defect." *Id.* at ¶¶ 2-3, 5.

6.     Plaintiff seeks to represent a class of "[a]ll individuals in the United States of America who purchased or leased any Jeep Wrangler 4xe." *Id.* at ¶ 42.

7.     On behalf of himself and members of the putative class, Plaintiff seeks, *inter alia*, the following: (i) damages for "lost benefit of the bargain, diminished

value of the Class Vehicles, emotional distress, and other damages"; (ii) "punitive damages"; (iii) attorney's fees and expenses; and (iv) entry of an order enjoining FCA US "from continuing to sell the Class Vehicles" and requiring FCA US "to immediately recall the Class Vehicles and remove them from the roadways." *See id.* at ¶¶ 57, 59, 61, 65, 66.

8.    Plaintiff pleads claims for:  fraudulent concealment (Count I); punitive damages (Count II); attorney's fees and expenses (Count III); and injunction (Count IV). *Id.* at ¶¶ 50-65.

**B.    Facts Related to The Number of Putative Class Members and The Amount in Controversy.**

9.    FCA US's records reflect that there have been over 18,900 sales or leases of Jeep Wrangler 4xe vehicles in the United States.

10.    The Class Vehicles have an MSRP ranging from $51,025 (Sahara) to $56,220 (Rubicon).

11.    Plaintiff alleges that if the alleged defect had been disclosed, "[he] and class members would not have bought or leased their vehicles." *Id.* at ¶ 54.

## II.  GROUNDS FOR REMOVAL

12.    This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), which is commonly referred to as the Class Action Fairness Act ("CAFA").

13.    Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

14.    Under CAFA, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 551 (2014).

15.    Plaintiff is a citizen of the state of Georgia, and the putative class members include individuals who are citizens of all fifty states. *See* Comp., ¶¶ 6-9, 42. FCA US, a limited liability company, is a citizen of the State of Delaware under whose laws it was organized and the State of Michigan where its principal place of business is located.[1]    Thus, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[1]FCA US is a Delaware limited liability company with its principal place of business in Michigan.  It has one member, FCA North America Holdings LLC, which is a Delaware limited liability company with its principal place of business in Michigan.  FCA North America Holdings LLC has one member, FCA Holdco B.V., which is organized and existing under the laws of, and with its principal place of

16.     There are more than 100 putative class members.  The putative class is defined in the Complaint to include "[a]ll individuals in the United States of America who purchased or leased any Jeep Wrangler 4xe," (Comp., ¶ 42), and there have been more than 18,900 Class Vehicles sold.

17.     The amount put into controversy by Plaintiff vastly exceeds the sum or value of $5,000,000, exclusive of interest or costs.  Plaintiff alleges he and each of the 18,900+ putative class members purchased or leased vehicles with a defect that renders them "incredibly dangerous" and "severely diminishes" their value, and would not have purchased or leased such vehicles if they had known of the alleged defect. *See id.* at ¶¶ 1-3, 5.  Measuring the amount-in-controversy by the cost of the vehicles for which Plaintiff alleges he and class members would not have purchased at all but for the defect, the amount-in-controversy is at least $964 million ($51,025 x 18,900 vehicles = $964,372,500).  Even measuring the amount-in-controversy based on the relief Plaintiff seeks for the "severely diminish[ed]" value of the Class Vehicles would yield an amount well in excess of $5,000,000 because with 18,900+ vehicles at issue, the amount per vehicle would only have to be $265 per vehicle

business in, the Netherlands.  FCA Holdco B.V. is wholly owned by Stellantis N.V. (f/k/a Fiat Chrysler Automobiles N.V.), a publicly traded corporation organized and existing under the laws of, and with its principal place of business in, the Netherlands.

(18,900 vehicles x $265 = $5,008,500), or only .5% of the purchase price to reach that threshold. And, of course, neither computation includes Plaintiff's demands for additional damages based on "emotional distress" or punitive damages, nor does it include the monumental costs which FCA US would incur if Plaintiff's requests for injunctive relief (*i.e.*, an order barring FCA US "from continuing to sell the Class Vehicles" and requiring it "to immediately recall the Class Vehicles and remove them from the roadways") was granted. *See id.* at ¶¶ 57, 59, 61, 65, 66. Thus, there can be no doubt that the requisite amount in controversy is easily satisfied here.

18. Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5,000,000, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).[2]

19. No statutory exception to CAFA jurisdiction applies in this case.

---

[2]In *Dart Cherokee*, the Supreme Court made clear that a defendant who removes a case to federal court does not have to submit evidence proving that the amount-in-controversy requisite of CAFA jurisdiction is satisfied until and unless the plaintiff or the court challenges the defendant's position, at which point "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S.Ct. at 554. Here, FCA US stands ready and willing to provide declaratory proof of the amount in controversy if the Court deems it necessary.

### III.  REMOVAL IS PROPER AND TIMELY

20.    This Notice of Removal is filed within thirty days of August 20, 2021, the date on which FCA US was first served with a summons and the Complaint. Thus, it is timely filed.  *See* 18 U.S.C. § 1446(b)(1).

21.    FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of Forsyth County in the State of Georgia, and provide written notice of the removal to all counsel of record.

22.    The United States District Court for the Northern District of Georgia embraces the county and court in which Plaintiffs filed this case.  28 U.S.C. § 84. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against FCA US LLC in the Superior Court of Forsyth County in the State of Georgia is removed to the United States District Court for the Northern District of Georgia.

This 16th day of September, 2021.

Respectfully submitted,

**CAROTHERS & MITCHELL, LLC**

 /s/ *Thomas M. Mitchell*
Thomas M. Mitchell
Georgia Bar No. 513597
thomas.mitchell@carmitch.com
1809 Buford Highway
Buford, Georgia  30518
(770) 932-3552
(770) 932-6348 FAX

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

AARON KAPPLER, individually and
behalf of similarly situated
individuals,

Case No.

Plaintiff,

**JURY TRIAL DEMANDED**

v.

FCA US LLC,

Defendant.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 16, 2021 I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, and sent a copy by regular U.S.

Mail to the following:

J. Patrick O'Brien
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

*Attorneys for Plaintiffs*

**CAROTHERS & MITCHELL, LLC**

/s/ *Thomas M. Mitchell*
Thomas M. Mitchell
Georgia Bar No. 513597
thomas.mitchell@carmitch.com
1809 Buford Highway
Buford, Georgia  30518
(770) 932-3552
(770) 932-6348 FAX

*Attorneys for Defendant FCA US LLC*